UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PELEUS INSURANCE COMPANY,

                      Plaintiff,        Civil Case No.:

v.

                      **COMPLAINT FOR**
                      **DECLARATORY JUDGMENT**

SOUTHWEST MARINE AND GENERAL
INSURANCE COMPANY AND WILFRIDO
QUILLIGANA

                      Defendants.
-------------------------------------------------------------x

       Plaintiff, PELEUS INSURANCE COMPANY ("Peleus" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendants, SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY ("Southwest") and WILFRIDO QUILLIGANA ("Quilligana").

## NATURE OF THE ACTION

       1.     In this action, Peleus seeks a declaration that Southwest is obligated to defend and indemnify Southwest's insured, JL Works Inc. ("JL") in connection with an Underlying Action.

       2.     Quilligana alleges he suffered injuries on August 3, 2021, and subsequently filed an underlying action on February 22, 2022 in Supreme Court, Kings County ("Underlying Action").

       3.     Peleus has been forced to defend JL in the Underlying Action and has incurred defense costs and expenses because of Southwest's refusal to defend and indemnify JL.

## PARTIES

4. At all times material hereto, Peleus was and is a Virginia insurance company (not an LLC) with its principal place of business in Chicago, Illinois.

5. At all times material hereto, Southwest was and is a foreign corporation with its principal place of business in Morristown, New Jersey, and is licensed and authorized to do business in the State of New York, including the issuance of insurance policies in the State of New York.

6. At all times material hereto, Quilligana was, and is, domiciled in Kings County, New York.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

8. Personal jurisdiction over Southwest is proper as it is domiciled in Arizona and conducts business in the State of New York.

9. Personal jurisdiction over Quilligana is proper as he is a resident of, and domiciled in Kings County, State of New York.

10. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## INSURANCE POLICY

11. Southwest issued a Commercial General Liability Policy to its Named Insured, CMG Improvements ("CMG") ("Southwest Policy").

12. The Southwest Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

13. JL qualifies as an Additional Insured under the Southwest Policy on a primary and non-contributory basis.

## CONTRACT

14. In a February 25, 2021 contract, CMG agreed to procure insurance on behalf of JL, and to name JL as an Additional Insured on a primary and non-contributory basis on its own insurance policy with Southwest.

## ACCIDENT AND UNDERLYING LAWSUIT

15. On February 22, 2022, a Complaint was filed entitled, *Wilfrido Quilligana v. 586 Marcy Ave LLC, Olympic Sales LLC, JL Works Inc. and JSB Works Inc.*; Supreme Court, Kings County; Index No.: 505371/22 ("Underlying Action"). On September 8, 2022, a Third-Party Action was filed entitled, *JL Works Inc. and JSB Works Inc. v. CMG Improvements, Inc.* ("Third-Party Action")

16. In the Underlying Action, Quilligana alleges that that on August 3, 2021 he was working at 586 Marcy Avenue, Brooklyn, New York when he was injured by a falling object.

17. Peleus assigned counsel to defend JL and is paying for JL's defense in the Underlying Action and its prosecution of the Third-Party Action.

## TENDER

18. On July 11, 2022 and July 12, 2022, Peleus tendered JL's defense and indemnity in the Underlying Action to Southwest.

19. On July 19, 2022, Southwest improperly denied coverage and rejected the tender under the Southwest Policy.

20. Southwest contended that no Additional Insured coverage was available because there was no evidence that Quilligana's alleged injuries were caused by CMG.

21. Southwest has improperly failed to defend and indemnify JL in connection with the Underlying Action under the Southwest Policy.

22. Peleus has been forced to defend JL in the Underlying Action and prosecute the Third-Party Action and thus has incurred costs and expenses because of Southwest's improper refusal to defend and indemnify JL.

23. An actual controversy exists between Peleus and Southwest with respect to Southwest's duty to defend and to indemnify JL in connection with the Underlying Action.

24. Peleus has no adequate remedy at law.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

25. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "24'' as if fully set forth herein.

26. The subject accident and the Underlying Action fall within coverage afforded by Southwest under the Southwest Policy.

27. JL is Southwest's insured under the Southwest Policy and is entitled to defense and indemnity from Southwest in connection with the subject accident and the Underlying Action.

28. Southwest must provide primary and noncontributory coverage for the subject accident and the Underlying Action to JL under the Southwest Policy.

29. Peleus is entitled to a declaration that Southwest has a duty to defend and indemnify JL on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Peleus for past costs and expenses incurred for JL as an Additional Insured under the Southwest Policy.

## **SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

30. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "29" as if fully set forth herein.

31. The subject accident and the Underlying Action fall within the coverage afforded by Southwest under the Southwest Policy.

32. All terms and conditions of the Southwest Policy have been complied with and met.

33. Southwest is obligated to defend and to indemnify JL on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Southwest Policy.

34. Southwest has breached its obligations by refusing to defend and to indemnify JL in connection with the subject accident and the Underlying Action under the Southwest Policy.

35. As a result of Southwest's breach of its obligation to defend and to indemnify JL in connection with the subject accident and the Underlying Action, Peleus has been required to incur costs that should have been incurred by Southwest and continues to do so.

36. Peleus has suffered and will continue to suffer damages on account of Southwest's refusal to fulfill its obligations to defend and to indemnify JL in connection with the subject accident and the Underlying Action.

37. Southwest is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify JL in connection with the subject accident, the Underlying Action and the Third-Party Action, including paying past costs and ongoing costs and fees and expenses for defense and/or indemnity.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a. Declaring that Southwest has a duty to defend and to indemnify JL on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Southwest Policy and to reimburse Peleus for past costs and expenses;

b. Awarding Peleus all damages incurred by virtue of Southwest's breach of its obligation to defend and to indemnify JL in connection with the subject accident and the Underlying Action; and

c. Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York
   February 9, 2024

        LONDON FISCHER LLP

        /s/ William J. Edwins
      By: James Walsh
        William J. Edwins
        Attorneys for Plaintiff
        Peleus Insurance Company
        59 Maiden Lane, 39th Floor
        New York, New York 10038
        (212) 972-1000
        Our File No.: 417.0567243